No. 103.—MARK A. COOPER, plaintiff in error, *vs.* EDWARD WHITE, administrator, defendant.

[1.] If goods or money belonging to another person, be amongst the goods of the deceased, and they come altogether to the hands of the administrator, the goods or money of such other person, are not assets in the hands of the administrator.

In Equity, in Whitfield Superior Court. Decision by Judge TRIPPE, October Term, 1855.

This was a bill filed by White, administrator of L. W.

Howe, against the creditors of said Howe, for the adjudication of their claims against the estate.

It appeared from the answer of Mark A. Cooper, which was admitted to be correct, that he had employed Howe to sell iron castings for him; that he let Howe have a storehouse, rent free, in consideration of these services; that Howe kept the money arising from the sale of castings in a separate drawer, where it was found after his death; and that he had on hand a quantity of castings, belonging to said Cooper. The Court held that the indebtedness to Cooper for the castings on hand, as well as those sold, should take rank as open accounts. To which decision plaintiff in error excepts.

BROWN; UNDERWOOD, for plaintiff in error.

AKIN, for defendant.

*By the Court.*—McDONALD, J. delivering the opinion.

The answer of Cooper, states that the iron was deposited with the intestate, Howe, for sale for cash; and the cash received was to be held as his, Cooper's, at all times. There was, at the time of Howe's death, a certain amount of money, arising from the sale of the castings and iron of said Cooper, on hand, on deposit, in the possession of said Howe, where he usually kept the money of Cooper, which was the amount due to Cooper. The castings and iron of Cooper were delivered to him by the administrator, after the death of Howe, but the administrator refused to deliver the money.

[1.] The facts stated in Cooper's answer, were agreed upon as true. Upon these facts, the Court below held, that when the iron was sold and converted into money, Cooper became an open account creditor of the intestate, and that he must be put on a footing with that class of creditors. Is this judgment of the Court erroneous? In what relation did the intestate himself stand to the fund which is claimed by

Cooper ? " The representatives cannot be in any better plight than the intestate himself would have been in." *Hassall vs. Smithers,* (12 *Veasey,* 122.) "If the goods of another man be amongst the goods of the deceased, and these come altogether into the hands of the executor or administrator, these goods, that are the goods of another, shall not be said to be assets in the hands of the executor or administrator." (*Shep. Touchstone,* 498.) On the conversion of Cooper's castings and iron into money, the money became Cooper's. The intestate could not have used it without committing a crime. (*36th Sect. of the 6th Div. Penal Code.*)

According to the answer, the money on hand in the possession of the intestate, arose from the sale of the iron and castings; it was where he usually kept Cooper's money, and was the amount due to Cooper. By contract with Cooper, it was to be held as his, Cooper's, money at all times. The facts stated in the answer of Cooper, show that the intestate had not subjected himself to the Criminal Law ; that he had the amount for which he had sold the iron and castings, and the inference is clear, that he held it as Cooper's money. The administrator cannot, under these circumstances, use Cooper's money to pay the debts of Howe's creditors. If property, in its original state and form, is covered with a trust in favor of the principal, no change of that state and form, can divest it of such trust, or give the agent or trustee converting it, or those who represent him in right, (not being *bona fide* purchasers for valuable consideration, without notice,) any more valid claim in respect to it, than they respectively had before such charge." (2 *Sto. Eq. Ju.* §1258.) The cash in hand in the possession of the intestate, arose from the sale of the iron and castings. It was the identical money, therefore, and cannot be retained as assets of the intestate.

Let the judgment of the Court below be reversed.