[No. 6,672.—Department One.]

## IN THE MATTER OF THE ESTATE OF H. C. KIBBE, DECEASED.

ESTATES OF DECEASED PERSONS—CLAIM—PLEDGEE.—A pledgee is not obliged to present his claim to the administrator of the pledgor, unless he seeks recourse against other property of the estate than that pledged.

ID.—SALE OF PERSONAL PROPERTY.—A sale of personal property which has been confirmed by the Probate Court cannot be treated as invalid because the administrator took a note for part of the price, when the balance was held by the Court to be the full cash value of the property.

APPEAL from an order in the Probate Court of the City and County of San Francisco. MYRICK, J.

The respondent was administrator of the estate of H. C. Kibbe, deceased; the Court below made an order settling his account, and approving the sale referred to in the opinion. On the hearing, the widow of the deceased contested the account, and she appealed from the order.

*Winans, Belknap & Godoy*, for Appellant.

*W. H. L. Barnes*, for Respondent.

The COURT:

1. The testimony has not been brought up, and it must be presumed that the facts found, or which were necessary to support the action of the Probate Court, were sustained by sufficient evidence.

2. The order of sale provided for the sale of twenty-four thousand shares of the capital stock of the Europa Mining Company, "now subject to a lien of the Merchants' Exchange Bank

for about four thousand eight hundred dollars." The case shows the stock to have been in the hands of the bank, and beyond the reach of the administrator, except upon payment of the amount for which it had been pledged. The sale of the stock—with the consent of the bank—the payment of the sum due to the bank, and the return of the balance, was in effect a compliance with the order, and such sale was subsequently confirmed by the Court. The pledgee would not have been obliged to present the claim unless he sought recourse against other property of the estate than that pledged. (Civ. Code Proc. § 1500.) The claim of the pledgee has been satisfied out of the pledged property, and the question whether the claim was regularly presented to the administrator and Probate Judge is, therefore, immaterial.

3. The property was ordered to be sold "at private sale." For a portion of the price of certain stock the administrator took the promissory note of the purchaser. In his return the administrator reported that the sale of the stock was very advantageous to the estate, even although the promissory note should not be paid. The Court, in confirming the sale, held and determined the sale to be thus advantageous. The sale cannot be treated as invalid, because the administrator received a note in addition to the full cash value of the stock.

Order affirmed.