PROBATE COURT OF THE CITY OF PAWTUCKET *vs.* GEORGE FRED WILLIAMS, *et al.*

JULY 8, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Probate Law. Suit on Bond. Assets of Estate. Res Judicata.*

X. died, by the residuary clause of his will giving his wife, Y., the personal estate during life, with power of sale and reinvestment and use of principal for her support, and upon her decease to his children.

Y. was appointed executrix of the will, and deceased leaving a will of which Z. was appointed executor.

Thereafter S., a son of X., was appointed administrator *de bonis non* of the estate of X., and filed a bill in equity against Z. as executor of the estate of Y., praying that an account might be taken of the assets of X. received by Y., and which came into the hands of Z. as executor.

After hearing, decree was entered that S. recover of Z., out of the estate of Y., $2,865.09, and that Z. turn over all articles of furniture contained in the inventory of Y. as executrix of X. Z., failing to make such payment, was cited before the Probate Court, and decree was entered adjudging him guilty of unfaithful administration, which decree was confirmed on appeal.

Thereafter S. commenced the action at bar against Z. and the sureties on his bond, the declaration setting out the bond and alleging that Y. was liable in her lifetime upon a certain indebtedness which was reduced to a judgment against Z. as executor; alleged the neglect of Z. to apply the assets of the estate to the payment of such judgment; and the adjudication of unfaithful administration.

Z. by plea denied these allegations. By direction of the court the jury found that "the obligation in the plaintiff's declaration mentioned is the deed of said defendants," and returned verdict for the penal sum of the bond:—

*Held,* that the verdict was not responsive to the issues, which involved the question as to whether there had been a *breach* of this obligation.

*Held,* further, that the only interest in the bond which S. alleged was as a creditor of Y.

Although the court has held in *Williams* v. *Starkweather,* 28 R. I. 145, that the decree in the bill in equity was a "judgment" within the meaning of the statute relative to suits by creditors against the bond, and that by virtue of such decree the relation of debtor and creditor had been established between Y. and the estate of X., yet there only the final decree was presented to the court, and here, the whole record in the equity proceedings being made a part of the record in the case at bar, the court has considered the nature of the proceedings which were before the court in said suit in equity:—

*Held,* that from an examination of the record it appears that the suit in equity was a proceeding having for its object an adjudication as to the ownership of the property which Z. found in his possession, which he might properly require before permitting it to pass from his possession.

*Held,* further, that there were neither allegations nor proof of any facts from which an indebtedness from Y. to the estate of X. would arise.

*Held,* further, that the decree was conclusive between the parties, but only to the extent of the issues raised and determined in that suit.

*Held,* further that it appeared from the procedure taken in bringing the bill in equity that it was neither the intention of the parties or of the court to establish an indebtedness on the part of Y. in her lifetime.

*Held,* further, that the suit in equity was for the purpose of tracing the personal property of X. which had not been administered, into the hands of Z., and to obtain a decree to recover the same from Z. This relief S. received, and upon such decree S. could pursue Z., but not upon his bond as executor.

*Held,* further, that property that Y. in her lifetime held in trust, or in which

she had merely a life interest, was not assets of the estate, and no act of Z. as to such property would render him or the sureties liable on the bond. *Held*, further, that the action could not be maintained.

DEBT ON BOND.  Heard on exceptions of defendant, and sustained.

SWEETLAND, J.   James O. Starkweather, late of the city of Pawtucket, died on August 5th, 1887, leaving a last will and testament which was duly admitted to probate in said Pawtucket. After providing for certain legacies of small value, the said will provided as follows:  "I give, devise and bequeath to my wife, Amey M. Starkweather, all the rest and residue of my personal estate of whatsoever nature and wheresoever situate to be used by her, for her own benefit and behoof for and during her natural life, or so long as she shall remain unmarried, with full power to sell, exchange, invest or reinvest said property in some standard personal security.  My said wife is also to have the right to use so much of the principal of said personal property as may be necessary for her support.

"At the decease of my wife or whenever she shall marry again, said personal property or so much thereof as shall then remain undisposed of is to be divided equally among all my children or their heirs."

The said Amey M. Starkweather was appointed, by said Probate Court, executrix of said will, in accordance with the nomination made therein, and letters testamentary were issued to her.

The said Amey M. Starkweather, having remained unmarried after the death of James O. Starkweather, died at said Pawtucket, on January 11th, 1898, leaving a last will and testament which was duly admitted to probate in said Pawtucket, and on February 23rd, 1898, the defendant George Fred Williams, named as executor in said will, was duly appointed such executor, and letters testamentary issued to him.

On February 23rd, 1898, Joseph U. Starkweather, a son of the said James O. Starkweather, was appointed administrator *de bonis non* with the will annexed of the estate of the

said James O. Starkweather, and letters of administration were issued to him.

On August 9th, 1898, the said Joseph U. Starkweather, as administrator *de bonis non* of the estate of James O. Starkweather, filed in the Appellate Division of the Supreme Court a bill in equity against said George Fred Williams as executor of Amey M. Starkweather and against certain other persons. As to respondents in said bill other than the said George Fred Williams, the complainant sought no relief.

The complainant in said bill in equity averred the bequest in favor of the said Amey M. Starkweather provided for in the will of the said James O. Starkweather; that the complainant believed that large sums of money and other personal property came into the possession of Amey M. Starkweather from the estate of James O., and was held by her, under the provisions of the will of James O., during her life; that a very large part of said property remained in her possession at the time of her death; that the complainant, as administrator *de bonis non* of the estate of James O. Starkweather, had frequently applied to the said George Fred Williams, executor of the said Amey M. Starkweather, to render a statement of what assets, properties, and effects of James O. Starkweather, bequeathed for life to Amey M. Starkweather, had come into the possession of said George Fred Williams, and that the said George Fred Williams had refused to render any such statement. The prayer of said bill was as follows:

"Wherefore as your orator is remediless in the premises except by the interference of a court of equity, he prays that the said George Fred Williams may be compelled by decree of this Honorable Court to disclose what assets, properties and effects of the said James O. Starkweather were taken, held and received by the said Amey M. Starkweather under the will of her said husband, and what disposition or change in form of investment, if any, the said Amey M. Starkweather made in the same; how much, if any, of the same was used by her as necessary for her support; and that all the assets, properties and effects of the said James O. Starkweather so bequeathed to the said Amey M. Starkweather for life remaining in her

hands and possession at the time of her decease, and which may have come into the hands and possession of her said executor since said time, may by decree of this Honorable Court be transferred, paid over and delivered to the said Joseph U. Starkweather, administrator *de bonis non*, as aforesaid, to be held by him and disposed of in accordance with the terms of the will of the said James O. Starkweather."

The bill further prayed for an injunction restraining the said George Fred Williams from disposing, transferring, or in any way interfering with the assets of the estate of James O. Starkweather that were in the possession of said Amey M. Starkweather at the time of her decease.

The respondents demurred to said bill, and the said demurrer was sustained (*Starkweather* v. *Williams*, 21 R I. 55).

The complainant was permitted to amend his bill by striking out the prayer above quoted and inserting in place thereof the following, in addition to the bill:

"7.   And your orator showeth unto your Honors that a large portion of said property consist of specific articles, the same being family relics and heirlooms of the Starkweather family handed down from different generations and the said family relics and heirlooms are greatly prized and valued by the children and administrator *de bonis non* of said James O. Starkweather who are entitled thereto under the terms of his said will and who place upon said relics and heirlooms a value far in excess of their intrinsic value because of the fact that they are family relics and heirlooms, and connected with the history of the Starkweather Family, as aforesaid, and that no money equivalent would compensate them for the loss of said relics and heirlooms.

"8.   And your orator further avers that said Amy M. Starkweather in her lifetime held the same, to wit, said moneys and personal properties in trust for the benefit of the legatees of said James O. Starkweather, to wit, his children, whether the same remained in their original condition or have been sold and the proceeds therein reinvested and that the said monies and other personal property came into the hands of George Fred Williams, executor of said Amy M. Starkweather, as

trustee for said legatees and administrator *de bonis non* and that the same are held by him in trust for the benefit of your orator and the said children of James O. Starkweather, and that it is the duty of said George Fred Williams, as such executor, to turn over said assets, property and effects to your orator, that the same may be received by him and distributed by him in accordance with the will of said James O. Starkweather and be administered by him in accordance with said will and as administrator *de bonis non* of said James O. Starkweather.

"9.   And your orator further avers that until he obtains a statement or an account from said George Fred Williams, as executor, as aforesaid of said assets, property and effects of the said James O. Starkweather so bequeathed for life to the said Amy M. Starkweather which have come into the hands and possession of said George Fred Williams, as Executor as aforesaid, that he cannot file his inventory as such administrator *de bonis non* of the estate of said James O. Starkweather in the Probate Court, and that until there shall be an accounting taken of such assets, property and effects under this bill of complaint, that he will be unable to file such inventory as aforesaid.

"10.   Wherefore, as your orator is remediless in the premises except by the interference of a court of equity, he prays that an account may be taken of the assets, properties and effects of the said James O. Starkweather, which were taken, held and received by the said Amy M. Starkweather under the will of her husband, and what disposition or change in form of investment, if any, the said Amy M. Starkweather made in the same, how much, if any, of the same was used by her as necessary for her support, and that an account may be also taken of the assets, properties and effects of the said James O. Starkweather, so bequeathed for life to the said Amy M. Starkweather which have come into the hands and possession of said George Fred Williams, as executor of said Amy M. Starkweather, and that in case any of said property, effects and assets have been sold by said Amy M. Starkweather in her lifetime, and the proceeds reinvested, that an account may be taken of the proceeds of such sales so reinvested by her, which

have come into the hands and possession of said George Fred Williams, executor as aforesaid, and that upon the coming in of such an account the said George Fred Williams, executor of said Amy M. Starkweather, shall be ordered and decreed to pay over, convey and deliver to your orator, all of such moneys and properties and effects and assets, including such specific articles such as relics and heirlooms which shall be found after the coming in of such an account to be in the hands of said George Fred Williams, as such executor, or to be due from the estate of said Amy M. Starkweather to your orator, as aforesaid, to be held by the said Joseph U. Starkweather, administrator *de bonis non,* as aforesaid, and disposed of by him in accordance with the terms of the will of the said James O. Starkweather."

The respondent in said bill, George Fred Williams, in his answer said that he had no personal knowledge of the facts stated in the bill, but on information and belief denied that large sums of money, or any sums of money, or other personal property, came into the possession of Amey M. Starkweather from the estate of James O. and were held by her during her life under the provision of said will, and were in her possession of the time of her decease; and further said that he had no knowledge, personal or otherwise, of any such assets in his possession in his capacity as executor of the will of said Amey M. Starkweather.

Testimony in said equity cause was taken before a commissioner and reported to the court.

After hearing, upon bill, answer, and proofs, the court, on February 2nd, 1900, entered in said cause the following decree:

"The above entitled cause coming on to be heard at the present session; and it now appearing by the admission of the parties that the following sums have been paid out by the respondent for which this complainant desires credit to be given the said executor, to wit:—

| | | | | |
|---|---|---|---|---|
| "Aug. 10 1898 | Patt & Davis.............. | $ | 45 |
| June 21 1898 | S. C. Wilson & Son......... | | 2 05 |
| Feb. 25 1899 | B. F. Smith............... | | 1 50 |

May  1 1899   Taxes 1898................ $426 23
                                          _____
Amounting in the whole to the sum of....... $430 23

"Now therefore upon consideration hereof it is ordered adjudged and decreed that said complainant recover of the said respondent George Fred Williams as aforesaid from and out of the estate of the said Amy M. Starkweather remaining in his hands as executor said sum of $3,296.32 less said sum of $430.23, to-wit: the sum of $2,865.09 and also that the said respondent executor as aforesaid turn over to the said complainant upon his receipt therefor all the articles of household furniture, coming into his hands and possession as such executor of said Amy M. Starkweather, that were contained in the inventory returned by her, the said Amy M. Starkweather, as executrix of James O. Starkweather late of said Pawtucket, deceased."

On August 4, 1902, the respondent filed a bill of review to review and reverse said decree. Said bill of review was dismissed upon demurrer, on the ground that it was filed more than one year after the entry of said decree (*Williams* v. *Starkweather*, 24 R I. 512, and 25 R. I. 77).

The said George Fred Williams failed to pay to the said Joseph U. Starkweather, administrator *de bonis non*, the sum of $2,865.09, as provided in said decree, and said George Fred Williams, as executor of said Amey M. Starkweather, was by said administrator *de bonis non* cited before the said Probate Court of Pawtucket to show cause why he should not be decreed guilty of unfaithful administration for his neglect and refusal to raise money out of the estate of said Amey M. Starkweather or to turn over money in his hands, as such executor, to liquidate said debt due from him as such executor, to the administrator *de bonis non* of the estate of James O. Starkweather. These proceedings were taken under the provisions of General Laws, chapter 218, section 27.

On July 9th, 1902, a decree was entered in said Probate Court, adjudging said George Fred Williams guilty of unfaithful administration. Upon appeal from this decree of said Probate

Court, the proceeding was carried to the Superior Court, and, upon exceptions, to this court.   By order of this court a decree was entered confirming the said decree of the Probate Court (*Williams* v. *Starkweather*, 28 R. I. 145).

On March 9th, 1907, the said Joseph U. Starkweather, administrator *de bonis non*, commenced, in the name of the Probate Court of Pawtucket, the action at bar, against the said George Fred Williams and the sureties upon his bond, given as executor of the said Amy M. Starkweather, and in his declaration set out the bond in its terms, as follows:

"Executor's Bond to Return Inventory.

"Know all men by these presents, That we, Geo. Fred Williams, of Dedham, in the County of Norfolk and Commonwealth of Massachusetts, as principal, and Herman G. Possner & Henry R. Wirth, both of Providence, in the County of Providence, & State of Rhode Island, as sureties, are holden and stand firmly bounden and obliged unto the Court of Probate of the City of Pawtucket, in the County of Providence, in the full sum of Ten Thousand Dollars, to be paid to the said Court:  to the true payment whereof, we bind ourselves, our respective heirs, executors and administrators, jointly and severally, firmly by these presents.   Sealed with our seals, this Twenty-third day of February, in the year of our Lord One Thousand Eight Hundred and Ninety Eight.

"The condition of this Obligation is such, that if the above bounden Geo. Fred Williams who has been duly appointed executor of the last Will and Testament of Amey M. Starkweather, late of the City of Pawtucket, deceased, do make or cause to be made, a true and perfect Inventory of all and singular the goods, chattels, rights, and credits of the said deceased, which have or shall come to the hands, possession or knowledge of the said Geo. Fred Williams or unto the hands or possession of any other person for him, and the same, so made, do exhibit upon oath to the Court of Probate of the City of Pawtucket within three months from the date hereof; and the same goods, chattels, rights and credits, and all other goods, chattels, rights and credits of the said Amey M. Starkweather at the time of her death, or which, at any time hereafter, shall

come to the hands and possession of the said Geo. Fred Williams or to the hands or possession of any other person or persons for him do well and truly administer according to law and the provisions of said will, and further do make, or cause to be made, a just and true Account of his doings therein, and exhibit the same to said Court, upon oath or affirmation, at or before the twenty-third day of February which will be in the year one thousand nine hundred, then the before written obligation to be void and of none effect: or else to be and remain in full force and virtue.

" Signed, sealed and delivered in

| presence of | GEO. FRED WILLIAMS (L. S). |
| " JAMES A. HALLORAN to | HENRY R. WIRTH (L. S.) |
| G. F. W. | HERMAN G. POSSNER (L. S.) |
| " LELLAN J. TUCK to H. | |
| R. W., and H. G. P." | |

The declaration further alleges, "that the said Amey M. Starkweather was in her lifetime liable upon a certain indebtedness, which indebtedness was, after her decease, by legal proceedings against the said George Fred Williams, executor as aforesaid, reduced to a judgment against him as executor as aforesaid by a judgment of the Appellate Division of the Supreme Court of the State of Rhode Island, entered the 2nd day of February, A. D. 1900, for the sum of Two Thousand Eight Hundred and Sixty-Five Dollars and Nine Cents ($2,865.-09), which said judgment, with interest thereon to the date of the plaintiff's writ in this case, now amounts to the sum of four thousand eighty-five dollars and sixty-one cents ($4,085.61)."

And the declaration further alleges the neglect of said Williams to apply the assets of the estate to the payment of said judgment; the adjudication of unfaithful administration against said Williams, and that the said Williams has never well and truly administered, according to law and the provisions of said will, the goods, chattels, rights, and credits of the said Amey M. Starkweather which have come to his hands or possession or knowledge.

The defendant filed five pleas, of which, in the Superior

Court, the first and fourth were stricken out, and the fifth was overruled upon demurrer. To which action of said court the defendant excepted.

The action came on for trial before a jury, in the Superior Court, upon the issues raised by the second and third pleas and the replication thereto, which were that the said Amey M. Starkweather was not in her lifetime liable upon a certain indebtedness, and which indebtedness was not, after her decease, by legal proceeding against the defendant George Fred Williams, executor aforesaid, reduced to a judgment; and that the plaintiff has not, as provided by law, procured a final decree of the Probate Court of the city of Pawtucket that the said George Fred Williams has been guilty of unfaithful administration as the executor of the will of said Amey M. Starkweather.

Upon the conclusion of the testimony offered at the trial in the Superior Court, the defendants requested the court to charge the jury in accordance with twelve written requests, and also moved that the court direct the jury to return a verdict for the defendants. The justice presiding refused to charge the jury as requested by the defendants, and also denied the defendants' motion to direct a verdict in their favor; and the justice presiding, upon motion of the plaintiff, directed the jury to find a verdict, in favor of the plaintiff, for the penal sum named in the bond.

By direction of the justice, the jury returned the following verdict:

"By direction of the Court the jury find that the supposed writing & obligation in the plaintiff's declaration mentioned is the deed of said defendants in manner and form as the plaintiff has in its declaration thereof complained against them and return a verdict for the plaintiff in the penal sum of the bond, to wit, $10,000.

"GEORGE T. BROWN, *Foreman.*"

The case is before this court on the defendant's bill of exceptions, wherein they set forth the exceptions to the ruling of the Superior Court, striking out the defendants' first and fourth pleas and overruling the defendants' fifth plea, and to the re-

fusal of the justice presiding at the trial to charge .the jury .as by the defendants requested, and to the refusal of the justice to direct the jury to return a verdict in favor of the defendants and to the action of the justice in directing the jury to return a verdict in favor of the plaintiff.

Whatever may be the view of this court upon the other exceptions contained in the defendants' bill, the verdict as directed by the court can not be allowed to stand. It is a primary requisite of a verdict that it should be responsive to the issues before the jury. By direction of the court the jury found that the bond was the obligation of the defendants. As to this there was no controversy between the parties; but as to whether there had been a breach of this obligation, the jury make no finding; and that was the vital question involved in the issues which were then being tried. (See *Leiter* v. *Lyons,* 24 R. I. 42.)

The plaintiff brings his action, as a creditor of Amey M. Starkweather, deceased, in the name of the Probate Court, upon the bond of the defendant given to the Probate Court. The ·only interest in the bond in question, which the plaintiff alleges, is as such creditor.

Section 1027 of the Court and Practice Act prescribes: "If such suit be brought by a creditor of the deceased person, he shall show:

"(1)   That his claim has been duly filed.

"(2)   That his claim has not been disallowed by the executor or administrator, or has been established by commissioners or by judgment.

"(3)   That a decree of unfaithful administration has been entered as provided in the next following section, and if the estate be insolvent, he shall also produce a copy of the order of distribution."

The plaintiff contends that he has established his claim as a creditor of Amey M. Starkweather "by judgment," that is, by the final decree of the Appellate Division of the Supreme Court in the suit in equity. The defendant urges that this is not a debt ascertained by judgment within the intent of the statute. But this court has already held in proceedings between these parties

(*Williams* v. *Starkweather*, 28 R. I. 145), that said decree was a "judgment" within the meaning of the statute.   In the same proceeding this court has also said that, by virtue of said final decree, the relation of debtor and creditor between Amey M. Starkweather and the estate of James O. Starkweather has been established.   In *Williams* v. *Starkweather*, 28 R. I. 145, however, only the final decree entered in the Appellate Divison was presented to this court, and the question was not then one of such fundamental and vital importance as in the proceeding at bar, which is based upon the allegation that Amey M. Starkweather was liable in her lifetime upon an indebtedness to this plaintiff or to the estate of James O. Starkweather.   The whole record in the suit in equity in *Starkweather* v. *Williams* has been made a part of the record in this case, the matter has been fully argued by counsel, and it becomes necessary to consider the nature of the proceedings which were before the Appellate Division in said suit in equity.   If said suit did not have for its purposes the ascertainment of an indebtedness of Amey M. Starkweather in her lifetime, then this plaintiff can not be permitted to maintain this action at bar as a creditor of Amey M. Starkweather.

Amey M. Starkweather, by the will of her husband, received the residue of his personal property, after the payment of debts and legacies, to be used by her during her natural life, with full power to sell, exchange, invest, or reinvest said property in some standard personal security, and also with the right in Mrs. Starkweather to use so much of the principal of said personal property as might be necessary for her support.   At the death of Mrs. Starkweather there was in her possession, of the personal property which she had received from her husband's estate, a number of specific articles of furniture and plate, and there was also in her possession certain stock which she had purchased in part, if not wholly, with money received from her husband's estate.   This property came into the possession of Mr. Williams after her death.   Mr. Williams, without knowledge of the true ownership of this property, was justified in treating it as property which belonged to the estate of his testatrix.   Property of all kinds found in one's possession at his

death is presumed to belong to his succession. (*Lynch* v. *Benton*, 12 Rob. 113.) Upon demand for it made upon him by the children of James O. Starkweather, or by the administrator *de bonis non*, Mr. Williams, for his own protection, might well require an adjudication as to its ownership before he permitted it to pass from his possession. The bill in equity against Mr. Williams appears to us, from an examination of the whole record, to have been a proceeding having such an adjudication for its purpose.

There is no allegation, in the bill, of improper dealing with the property by Mrs. Starkweather during her lifetime, or any suggestion of an indebtedness from Mrs. Starkweather to the estate of her husband, nor is there the statement of any facts from which an indebtedness would arise against her. The purpose of the bill in its original and in its amended form is clearly to impress a trust, in favor of the administrator *de bonis non*, upon property which was held by Mrs. Starkweather in her lifetime, either as the executrix of her husband or as the life tenant under his will; which had come into the hands of her executor; which the administrator *de bonis non* claimed as assets unadministered by his predecessor, and which he sought to trace, in its original or substituted form, in the property which had come into the hands of Mr. Williams. An examination of the testimony which was before the court in equity fails to disclose any fact from which an indebtedness against Mrs. Starkweather would arise, and neither the administrator *de bonis non* nor any other witness, in his or her testimony, suggests the claim of an indebtedness on the part of Mrs. Starkweather.

The defendant in the case at bar has sought to attack the proceedings in equity in a number of particulars, and to discredit the decree entered in said cause. While many of these objections would be entitled to careful consideration if the suit was now pending before us, the matter is *res adjudicata*, and the decree entered therein is conclusive between these parties; only to the extent, however, of the issues raised and determined in that suit.

It is enough that the pleadings and the testimony do not raise any question of indebtedness on the part of Mrs. Starkweather in her lifetime.    But there are a number of circumstances in the case which indicate that it was not the intention of the parties, or of the court, to establish such an indebtedness.

There is no allegation in the bill, and it does not appear, that a claim was filed by the complainant against the estate of Amey M. Starkweather, as required by the probate law of this State. The complainant proceeded as one claiming property held by the decedent in trust, and which came into the hands of her personal representative impressed with the trust.    In which case provisions of the probate law as to filing claims would not apply.

"When the executor or administrator has property which belongs to another, the owner is not required to present his account as if he were a creditor.    The claimant of specific property, and not of a debt, cannot be called a creditor within the meaning of the probate law."    *Gunter* v. *Janes*, 9 Cal. 643. And see also *In re Estate H. C. Kibbe*, 57 Cal. 407; *Gillett* v. *Hickling*, 16 Ill. App. 392; *Connecticut Trust Co.* v. *Security Co.*, 67 Conn. 438.

Further, it is alleged in said bill that the respondent George Fred Williams was appointed, by the Probate Court, executor of Amey M. Starkweather, on February 23rd, 1898.    It does not appear at what date thereafter the said executor made the first publication of the notice of his qualification as such executor. Said suit in equity was filed in the Appellate Division on August 9th, 1898, less than six months after the date of the appointment of the executor, and before the time when the executor could be held to answer to a suit at law or in equity by a creditor of the deceased, although such executor might at that time be sued in law or equity for the recovery of specific property not a part of the estate of his testatrix, or might be made respondent in a suit to trace funds, in his hands, which his testatrix had held in trust for some other person.

Again, if said proceeding in equity had been instituted to establish a debt which the law might imply against said testatrix, because she had converted any of the property of the estate of James O. Starkweather while executrix of said estate,

or because she had improperly mingled the funds of the estate with her own, then such proceeding could not have been instituted by the administrator *de bonis non* of the estate of James O. Starkweather, under the authorities and statutes of this State. Such suit could only be maintained by the heirs or creditors of James O. Starkweather.

In *Court of Probate* v. *Smith,* 16 R. I. 444, which was an action of debt on the bond of Harriet Winsor as administratrix on the estate of Mary Waterman, brought for the benefit of Daniel H. Remington as administrator *de bonis non* against the personal representative of Harriet Winsor, this court held that "an administrator *de bonis non* is appointed to administer only so much of the estate as remains unadministered by the original administrator, and that his representative right or authority extends only to such remainder, unless it is further extended by statute. There can be, it has been said, only one administration, the administrator *de bonis non* taking it up where his predecessor left off, for the purpose of completing it, each being responsible to the creditors and next of kin, so far as he acts, and neither for or to the other, . . . our conclusion is that the action is not maintainable." In this case the court cites with approval *Beall* v. *New Mexico,* 16 Wall. 535, which decided that "an administrator *de bonis non* cannot sue the former administrator or his representative for a devastavit or for delinquencies in office; nor maintain an action on the former administrator's bond for such cause."

Since the decision in *Court of Probate* v. *Smith, supra,* by statutory provision now appearing in C. P. A., § 830, an administrator *de bonis non* is authorized to bring an action on the bond of the preceding executor or administrator. But the authority of an administrator *de bonis non* to take action for maladministration of a preceding administrator has not been extended farther by statute in this State. When the only right of action given by statute to an administrator *de bonis non* for the conversion of any part of the personal assets of the estate by his predecessor is upon his official bond, such action can not be maintained against the estate of the deceased administrator by such administrator *de bonis non,* except upon

the bond of his predecessor.    *Orme's Estate* v. *Brown,* 22 Ind.
App. 569.

The suit in equity was for the purpose of tracing the personal
property of James O. Starkweather, which had not been ad-
ministered already, into the hands of George Fred Williams,
and for the purpose of obtaining a decree to recover the same
from said Williams.    This relief the administrator *de bonis non*
received, and upon said decree the administrator *de bonis non*
can pursue said Williams, but not upon his bond as executor.
The obligation of the executor is that he shall well and truly ad-
minister, according to law and the provisions of said will, all
and singular, the goods, chattels, rights, and credits of the tes-
tatrix at the time of her death, or which at any time after his
appointment shall come to the hands and possession of the ex-
ecutor, or to the hands or possession of any other person or per-
sons for him.    The failure of the executor to so administer the
goods, chattels, rights, and credits of the testatrix amounts to a
breach of the bond.    But property which the testatrix in her
lifetime held in trust, or in which she had merely a life interest,
are not assets of the estate, and no act of the executor as to
such property will render him or the sureties liable upon the
bond.

"If the goods of another man be amongst the goods of the
deceased, and then come altogether into the hands of the ex-
ecutor or administrator, these goods, that are the goods of
another, shall not be said to be assets in the hands of the ex-
ecutor or administrator."    Sheppard's Touchstone, 498.    And
see *Cooper* v. *White,* 19 Ga. 554; *Governor* v. *Executors of
Hooker,* 19 Fla. 163.

When an administrator received property which did not be-
long to the estate, and which it was not a part of his duty to
receive, his sureties could not be made liable, because their
undertaking was that he should faithfully discharge his duties
as administrator as prescribed by law.    *Johnson* v. *Hall,* 101
Ga. 687.

When property comes into the hands of an executor which
is not assets of the estate, even though in his report he charges
himself as executor with said funds, this does not create a

liability against the sureties upon his bond. *People* v. *Petrie,* 191 Ill. 497. And see *First National Bank* v. *Hummell,* 14 Col. 259; *Hubbard* v. *Irrigating Co.,* 53 Kan. 637; *Pace* v. *Pace,* 19 Fla. 438; *Connecticut Trust Co.* v. *Security Co.* 67 Conn. 438; *Jester* v. *Gustin,* 158 Ind. 287; *Simrall's Administrator* v. *Graham,* 1 Dana (Ky.), 574; *Salter* v. *Sutherland,* 123 Mich. 225; *Pierce* v. *Robinson,* 13 Cal. 116; *Smith* v. *Combs,* 49 N. J. Eq. 420; *Moses* v. *Murgatroyd,* 1 Johns. Ch. 119. .

This being the conclusion which we reach as to the nature of the proceeding in equity and as to the claim of the plaintiff that he is a creditor of Amey M. Starkweather, upon an indebtedness arising in her lifetime, we decide that the plaintiff can not maintain this action.

The direction of a verdict in favor of the plaintiff was error. The motion of the defendants that a verdict be directed in their favor should have been granted.

Case ordered remitted to the Superior Court, with direction to enter judgment for the defendants.

*Bassett and Raymond,* for plaintiff.

*R. W. Richmond,* of counsel.

*Gorman, Egan and Gorman,* for defendants.