Downs *et al.* *vs.* Harris.

BLANDFORD, Justice.

---

## Downs *et al.* *vs.* HARRIS.

A trust was created in 1860, whereby a woman and her children were jointly interested in the usufruct or income of the estate during her life, and at her death the remainder vested in her children or the representatives of such as might be dead. Prior to June, 1865, the trustee failed to follow the provisions of the law in the management of the estate and committed a devastavit. The mother died on or about January 23, 1883. On March 27, 1884, one of the children filed a bill against the trustee on account of such devastavit:

*Held,* that the action was barred by the statute of limitations of 1869. Constructive fraud will not prevent the bar of the statute from attaching, but it must appear that the trustee acted corruptly and committed actual fraud or such as involves moral turpitude.

January 26, 1886.

Trusts and Trustees.   Statute of Limitations.   Before Judge LAWSON.   Jasper Superior Court.   April Term, 1885.

To the report contained in the decision, it is necessary to add only that the exact age of the complainant (Mrs. Downs) does not appear (her husband being a mere formal party), but it was stated that she was married in 1857. The defendant set up in his answer the bar of the statute of 1869.   At the close of the testimony for the complainants, the defendant moved to dismiss the case, on the ground that it did not entitle the complainants to the relief sought.   This motion was sustained, and the complainants excepted.

A. C. McCALLA, for plaintiffs in error.

F. JORDAN, for defendant.

HALL, Justice.

The trust in this case was created in 1860, and the mismanagement of the estate by the defendant, as trustee, on which the complainant relies for a recovery, occurred prior to the first day of June, 1865.   Neither the bill nor the evidence shows that the trustee acted "fraudulently and corruptly" in the management of the trust estate.   The complainant and her brothers and sisters were jointly interested with their mother, during the life of the latter, in the usufruct or income of the estate, and at the death of the mother, the remainder vested in complainant, together with her brothers and sisters, or in case of the death of either, in their representatives.   The mother died on or about the 23d of January, 1883, and the complainant's bill was not filed and her suit commenced until the 27th of March, 1884; so that more than nine months and fifteen days elapsed from the death of the mother, upon which event it is conceded this right of action was com-

plete, and which lapse of time, under the decisions of this court, barred the right of complainant, if the case was within the special act of limitations, approved 16th of March, 1869 (Acts, pp. 133, 134).

We think it is within both the letter and spirit of the 5th section of that act. The postponement of its operation in consequence of supposed intervening disabilities was made by construction of the court, and the time for bringing the suit mentioned in the act was held not to commence running until the removal of such disabilities. We would not be understood, however, as concurring in the view that the existence of the mother at and subsequent to the passage of the act amounted to such a disability as would postpone its operation until her death; all that we mean to say is, that, conceding this to be true, the complainant's suit is barred by the lapse of time, upon what may be considered the broadest and most liberal construction that can be placed on the act. Under this concession, the case is controlled by the decisions made in *Jordan vs. Ticknor,* 62 *Ga.,* 123, and *Byne vs. Anderson,* 67 *Id.,* 466. There is no doubt but this trustee failed to follow the provisions of the law in his management of the estate, and that he committed a devastavit, and is in consequence chargeable with constructive fraud, but in order to prevent the bar of the statute from attaching in his favor, it must be shown that he acted corruptly and committed actual fraud or such as involves moral turpitude. *Austin vs. Raiford,* 68 *Ga.,* 201. There is no evidence in the record from which such fraud and corruption could be inferred, and the judge was right in dismissing the bill at the hearing.

Judgment affirmed.