## CARR *v.* TATE, executor.

The estate of a testator is not liable for tortious acts of the executor committed in the administration of the estate, when no pecuniary advantage resulted to the estate by reason of such tortious acts.

Submitted March 21, — Decided April 20, 1899.

Appeal. Before Judge Reese. Wilkes superior court. May term, 1898.

*Colley & Sims, F. W. Gilbert,* and *William Wynne,* for plaintiff in error. *S. H. Hardeman* and *B. S. Irvin,* contra.

SIMMONS, C. J. Mrs. Bowman died testate, making Tate her executor. Carr was indebted to the testatrix, and after her death gave to the administrator a note to cover this indebtedness, and a mortgage on his stock of goods to secure the note. This note was made July 6, 1897, and was due one day after date. In the early part of the following October, the mortgage was foreclosed and a levy made upon the stock of goods. The levy was stopped by an affidavit of illegality filed by Carr. It seems from the record that Mrs. Bowman, the testatrix, before she died, had owed Carr an amount greater than that for which he gave the note and mortgage, and that, before the executor foreclosed the mortgage, Carr had commenced an action to recover this amount from the estate. Subsequently, the petition in the present case alleges, Carr did get judgment against the estate for a sum greater than that he owed the executor. He brought this action against the executor, asking that damages

be awarded him, and alleging, in addition to the foregoing facts, that he was greatly damaged by the foreclosure of the mortgage and the levy upon his goods. The petition set out a number of items of special damage, and alleged that the action of the executor in foreclosing the mortgage and having it levied was malicious and without probable cause. The executor demurred to the petition. After hearing argument, the court sustained the demurrer and dismissed the petition.

The action was brought against Tate as executor of Mrs. Bowman. We think that the estate of the testatrix was not liable for any tort of which the executor may have been guilty, unless the estate received the fruits of the tortious act. Even if the acts set out in the declaration were tortious, the estate could not be held liable, no pecuniary gain having resulted to it. *Anderson* v. *Foster*, 105 *Ga.* 563; *Parker* v. *Barlow*, 93 *Ga.* 700; 7 Am. & Eng. Enc. L. (1st ed.) 344; 2 Williams, Ex'rs (7th Am. ed.), notes to top page 352; Thompson *v.* Canterbury, McCrary, C. Ct., 332; Herd *v.* Herd, 71 Ia. 497; Lamorere *v.* Cox, 32 La. Ann. 246.

*Judgment affirmed. All the Justices concurring.*