ANDERSON, administrator, *v.* FOSTER *et al.*

1. The fraud which, under the provisions of section 3785 of the Civil Code, will relieve the bar of the statute of limitations must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action.

2. One who aids and assists a trustee in misapplying trust funds, with knowledge of his misconduct, is directly accountable to the person injured by such misapplication, although the person thus assisting the trustee does not himself reap the fruits of the misappropriation but pays the fund over to another whom he represents.

(a) In such a case the person injured by the misappropriation may bring a separate action against each of the persons through whose hands the fund has passed, or join them all in one suit.

(b) It is not necessary, in order to charge the person aiding and assisting the trustee in the misappropriation, to show that the trustee is insolvent.

(c) That the person injured by the misappropriation may have an action for money had and received, against the person to whom the fund was paid, will not preclude him from bringing an action against the person aiding the trustee in the misappropriation, for the tort thus committed.

Argued November 8, — Decided November 27, 1900.

Complaint. Before J. B. Park Jr., judge pro hac vice. Morgan superior court. March term, 1900.

*W. R. Mustin*, for plaintiff.
*F. C. Foster* and *E. W. Butler*, for defendant.

COBB, J. Anderson as administrator of A. W. Foster brought suit against F. C. Foster and E. W. Butler, making in his petition substantially the following allegations: F. C. Foster was the executor of A. G. Foster, E. W. Butler was the executor of Joshua Hill, and the plaintiff's intestate was a son and legatee of A. G. Foster. After the death of plaintiff's intestate, F. C. Foster as executor collected a sum of money belonging to the estate of his testator, to a specified part of which plaintiff's intestate was entitled. Butler, as executor of Hill, had obtained a judgment against F. C. Foster and A. W. Foster, and F. C. Foster, instead of paying to the plaintiff as administrator of A. W. Foster the amount due his estate, paid the same to E. W. Butler to be applied as a credit upon the judgment held by him as executor of Hill against A. W. Foster, and Butler, with full knowledge of the fact that there was a duly appointed administrator upon the estate of A. W. Foster and that F. C. Foster had no right to appropriate the sum in his hands to the payment of the debts of A. W. Foster, received the same and applied it as a credit on the judgment above referred to. At the time this was done the estate of A. W. Foster was insolvent, and there were debts due by the estate of higher dignity than the debt due to Butler as executor of Hill. It is alleged that the money was collected by Foster in January, 1895, but the date on which the share of A. W. Foster was paid over to Butler is not distinctly alleged. It was charged that F. C. Foster and Butler were joint tort-feasors and as such liable to the plaintiff for the amount paid by F. C. Foster to Butler, with interest thereon from the date the same was paid. By an amendment to the petition it was alleged that the first intima-

tion the plaintiff had that F. C. Foster had in his hands the fund in question was about November 15, 1895; that the plaintiff was a non-resident of Morgan county, being a resident of Fulton county; and that immediately upon receiving this intimation he wrote to F. C. Foster, requesting information on the subject. Having failed to receive a reply, he wrote again, but this letter elicited no response. In April, 1896, plaintiff wrote to Butler, who at the time was the law partner of F. C. Foster, asking information of him on the same subject, the plaintiff having heard that F. C. Foster had paid over to Butler A. W. Foster's share in the fund collected. Butler immediately replied in a letter dated April 24, 1896, stating that the money had been paid over to him as executor of Hill; and this was the first positive information that the plaintiff had on the subject. It was alleged that the plaintiff was diligent to discover the fact that the money had been fraudulently paid over to Butler by F. C. Foster, and that he could not have discovered it sooner by the exercise of ordinary diligence. The defendant Butler filed a demurrer to the declaration, upon the following grounds: (1) There is a misjoinder of causes of action and parties. (2) Plaintiff's remedy, if any he has, is against F. C. Foster, as there is no illegal or tortious act alleged against this defendant as an individual, and no allegation of the insolvency of Foster. (3) There is no cause of action set forth against this defendant. (4) It appears from the allegations that if there is any liability to plaintiff, it is on the part of the estate of Joshua Hill. The demurrer was sustained, and to this ruling the plaintiff excepted. The case proceeded to trial as against F. C. Foster upon the issues raised by his answer, one of which was that the cause of action set forth was barred by the statute of limitations. It appeared from the evidence that the money alleged to have been misappropriated was paid by F. C. Foster to E. W. Butler as executor of Hill, in January, 1895. There was testimony by the plaintiff which established substantially the allegations of the petition as to diligence in ascertaining about the alleged misappropriation of F. C. Foster of the funds belonging to plaintiff's intestate. The court directed a verdict in favor of the defendant, and to this ruling the plaintiff excepted.

1. As the original petition was filed in office on February 14, 1899, and the proof showed that the alleged misappropriation which was the foundation of the plaintiff's case took place in Jan-

uary, 1895, more than four years had elapsed from the date of the alleged misappropriation to the filing of the suit, and the claim of the plaintiff would be barred, unless the evidence was sufficient to authorize a finding that the defendant had been guilty of a fraud which debarred or deterred the plaintiff from his action, and that the suit had been begun within four years from the discovery of the fraud, and that the plaintiff could not have sooner discovered the fraud by the exercise of ordinary diligence. See *Printup* v. *Alexander*, 69 *Ga.* 553. And the fraud must be such as involves moral turpitude. *Austin* v. *Raiford*, 68 *Ga.* 201; *Downs* v. *Harris*, 75 *Ga.* 834. There was neither allegation nor proof showing that F. C. Foster had been guilty of a fraud of this character, or that the plaintiff had been deterred from his action by anything done by Foster, even conceding that the testimony for the plaintiff showed that he had exercised due diligence in discovering what he claims to have been such a fraud as would have relieved the bar of the statute. There was no error in directing a verdict in favor of the defendant Foster.

2. The code declares that "all persons aiding and assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, are directly accountable to the persons injured." Civil Code, § 3200. When this controversy was here before, an attempt was made to hold the estates represented by F. C. Foster and Butler liable on account of the transaction involved in the present case; and it was held that the estate of a testator was not liable for the wrongful act of the executor. Mr. Justice Fish in the opinion said: "If F. C. Foster, as executor of A. G. Foster, had money in his hands belonging to the estate of plaintiff's intestate, and wrongfully paid it to E. W. Butler as executor of Hill, and Butler received it with knowledge of F. C. Foster's misapplication of it, then they were joint tort-feasors, and, without more, liable individually to plaintiff as administrator, but manifestly the estates which they respectively represented would not be chargeable with their misdoing." See *Anderson* v. *Foster*, 105 *Ga.* 563, 566. Butler, having received the money with full knowledge that F. C. Foster had no right to pay it to him, would be liable to account to the administrator of A. W. Foster for the amount so received, notwithstanding the fact that he had received no benefit himself from the fund but had paid it out as executor of Hill to

the creditors and legatees of that estate. The fact that F. C. Foster was solvent would not relieve Butler from liability, if the representative of the estate of A. W. Foster saw proper to charge him with liability on account of the fund having passed through his hands. As the fund was diverted from its proper channel by the joint act of F. C. Foster and Butler, there was no reason why they should not, at the election of the representative of A. W. Foster, have been treated as joint tort-feasors, instead of being sued separately, as he would have had a right to do. It was ruled in *Anderson* v. *Foster*, supra, that the estate of Hill was not liable for the misdoing of the executor, and it was intimated in the opinion that the estate might be liable for money had and received; but this would afford the executor, when sued as an individual by the owner of the fund which had been misapplied, no ground of defense. The court erred in sustaining the demurrer.

*Judgment affirmed in part, and in part reversed. All the Justices concurring, except Lewis, J., absent.*