## 3033.  HUNDLEY v. PENDLETON.

As a general rule, the estate of a decedent is not liable for tortious acts of an administrator or executor, committed in the course of the administration of the estate. The present case falls within none of the recognized exceptions.

DECIDED APRIL 24, 1911.

Action for damages; from city court of Atlanta—Judge Reid. September 10, 1910.

*Samuel D. Hewlett, Gober & Griffin,* for plaintiff.

*Rosser & Brandon, J. L. Hopkins & Sons,* for defendant.

POWELL, J. Hundley filed suit against Pendleton, in his representative capacity as administrator of the estate of George W. Collier, deceased, to recover damages because Pendleton, in his representative capacity, had instituted a dispossessory proceeding, by which the plaintiff was illegally evicted from the Hotel Aragon, as to which he was a tenant of the defendant. Preliminary to the discussion of the controlling question in the case, we may state that, while there is some insistence to the contrary, still it is plain, from all the allegations of the petition, that the suit was one ex delicto, and that Pendleton was made defendant in his representative capacity, and not in his individual capacity. In the very first paragraph of the petition it is stated that "John T. Pendleton, as administrator of the estate of George W. Collier, is named and styled herein as the defendant, and that said John T. Pendleton, as such administrator, has injured and damaged plaintiff," etc. Process is prayed against "J. T. Pendleton, as administrator of the estate of George W. Collier," etc., and the process is so directed. While a contract of rental between the parties is alleged, still it is very plain, from all the allegations of the petition, that the suit is in tort, and not in contract. The court sustained a general demurrer to the petition, and the point presented is whether a suit ex delicto can be maintained against an administrator in his representative capacity for wrongful acts committed by him in the course of the administration. Undoubtedly the general rule is that the estate of a decedent is not liable for tortious acts of an executor or administrator, even though such acts are committed in the course of the administration, and the executor or administrator in committing them purports to be acting for the estate he represents. *Parker* v. *Barlow,* 93 *Ga.* 700 (21 S. E. 213); *Anderson* v. *Foster,* 105 *Ga.*

563 (32 S. E. 373); Id., 112 Ga. 270 (37 S. E. 426); Carr v. Tate, 107 Ga. 237 (33 S. E. 47). The law authorizes an administrator to represent the decedent's estate only in the doing of lawful acts; and when he goes beyond the power with which he is thus intrusted, and commits an unlawful act, he himself, and not the estate he represents, is usually to be held liable therefor.

Able counsel for the plaintiff in error recognize that this is the general rule, but say that this rule is subject to certain exceptions, and that the present case is within one of the recognized exceptions. They call attention to the fact that the Supreme Court, in the case of Carr v. Tate, supra, announced the rule to be that "the estate of a testator is not liable for tortious acts of the executor committed in the administration of the estate, when no pecuniary advantage resulted to the estate by reason of such tortious acts." In that case it was shown that no pecuniary advantage had resulted to the estate, and the estate was held not liable. They argue that the opposite is true; that, when pecuniary advantage results to the estate, it may be held liable. This is only qualifiedly true. There are some cases where a cause of action will arise against an administrator in his representative capacity, because of the results that have followed from a tortious act committed by him; but in such cases it is not a cause of action ex delicto that arises, and the liability of the estate is not to be determined by the measure of damages which applies in tort actions, but upon an entirely different basis. Thus, for example, an administrator, purporting to act in his representative capacity, illegally takes possession of money, or takes possession of personal property and converts it into money, and appropriates that money to the use and benefit of the estate. In such a case the estate can not be sued in tort for the administrator's unlawful taking of the money or the property; but an action for money had and received for the use and benefit of the estate will lie against the administrator, and the estate may be charged with liability, not necessarily for the full value of the money or of the property, but just to the amount that the estate has directly received the benefit. That such a cause of action might be maintained was intimated in Anderson v. Foster, supra, in the report of the case in 105 Ga. 563 (32 S. E. 373), and was again noticed in the report of the case in 112 Ga. 270 (37 S. E. 426). The right to sue the estate for money had and received in such

cases comes about through the quasi-equitable character of the action for money had and received. So far as we are now aware, the only instance in which it is recognized that an administrator in his representative capacity can be held liable in an action ex delicto (otherwise than for the decedent's own torts) is where the decedent unlawfully takes possession of property, real or personal, and the administrator afterwards continues that unlawful possession. Thus, where an action in ejectment (which is elementally an action ex delicto) is brought against the administrator of an estate, and it appears that his testator took possession of the land, and that the administrator continued the possession in behalf of the estate, it is held that the administrator in his representative capacity is liable for the mesne profits. *Hay v. Ayres, 30 Ga.* 775. It is right to hold the estate liable for the administrator's act in such a case, though his, as well as his testator's, possession of the property may have been unlawful, and therefore tortious. An examination of the legal notions associated with possession will disclose that possession itself, irrespective of where the actual ownership of the thing possessed may be, is a form of property, and may exist as to unlawful as well as lawful possession; and where a person dies, holding this property (i. e., possession, lawful or unlawful), his administrator succeeds to it by operation of law, and it becomes his duty to maintain it on behalf of his estate, until the true owner destroys it by successfully asserting his claim. As the unlawful possession of the administrator in such cases falls to him by operation of law, the rule which subjects the estate to liability for his maintenance of the unlawful possession, though that very maintenance may be a tort, is not in essence contradictory to the general rule which exempts the estate from liability for torts committed by the personal representative of the decedent.

The present case falls within no recognized exception. It is plainly an effort to charge the Collier estate for a tort alleged to have been committed by Pendleton, the administrator, in the course of the administration. It is said that, since the effect of taking the plaintiff out of possession of the hotel property was to admit the administrator in his representative capacity into possession, the estate has received the benefits. If so, the petition fails to disclose that it is one of those direct benefits for which an action for money had and received would lie; but, even if a transaction were disclosed

for which such an action might be maintained, no such action has been brought. Of course, there is no insistence that the case falls within the other exception mentioned above—the one that exists where an administrator continues an unlawful possession begun by the decedent. The court, therefore, did not err in sustaining the demurrer.

It was suggested in the course of the argument that where a suit is brought against a person in his representative capacity, and it discloses a cause of action existing against him in his personal capacity, the action is not absolutely void, but that a judgment against the administrator personally may be rendered. In a sense this is true; but it takes an amendment to accomplish it. The Civil Code (1910), § 5690, provides for this as follows: "In an action by or against an executor, administrator, or other representative, the declaration may be amended by striking out the representative character of such plaintiff or defendant. And in an action by or against an individual, the pleadings may be amended by inserting his representative character." In this case no such amendment was offered.

*Judgment affirmed.*