BANK OF NEWTON COUNTY *v.* AMERICAN BONDING CO.

A surety on an administrator's bond is not liable thereon for the administrator's obligation to pay money illegally borrowed after the death of the decedent, or for money tortiously obtained by the administrator, although the money procured by the administrator was used for the benefit of the estate.

FEBRUARY 18, 1914.

Equitable petition. Before Judge Roan. Newton superior court. July 23, 1913.

*Rogers & Knox,* for plaintiff.  *Little, Powell, Hooper & Goldstein* and *R. W. Milner,* for defendant.

EVANS, P. J. The action was by the Bank of Newton County against A. H. Foster and H. L. Bridges as administrators of J. P. Cooley, and the American Bonding Company, surety on the administrators' bond. Judgment was prayed against the administrators, both individually and in their representative character. The various allegations of the different amendments and of the petition are not entirely consistent. The basis of liability as alleged in the

petition, before attempt at amendment, was that the administrators of Cooley borrowed of the plaintiff a certain sum of money, which was actually used for the benefit of the estate. By amendment it appeared that one of the administrators, as attorney in fact for the heirs of the deceased, who were adults, sold a printing plant to one Hawk, and took from him a reserved-title note, payable to the person who was one of the administrators of Cooley, not as administrator, but as attorney in fact for the named heirs, which he transferred as such attorney in fact to the plaintiff; and that only a small amount was realized from the sale of the property, title to which had been retained. With respect to this aspect of the case it was alleged that while the note was payable to the payee as attorney in fact, it belonged to the estate of Cooley, and was taken possession of by the administrators after their appointment. Other amendments alleged, that the administrators perpetrated a fraud upon the plaintiff by representing that the heirs authorized the procurement of the loan, which authority was denied by the heirs; that the administrators had loaned money of the estate, in amounts in excess of the plaintiff's demand, which had not been collected; that the estate was solvent, and that the money borrowed by the defendants was used in the payments of debts of the estate. The administrators and their surety demurred to the petition as amended, and the court sustained the demurrer as to the surety and overruled it as to the administrators. The only exception is that of the plaintiff to the dismissal of the surety from the case. In their brief counsel for plaintiff in error characterize the action as one "on an administrator's bond, seeking to hold the estate liable for benefits received by way of money had and received by the estate for the use of the plaintiff." While the correctness of the judgment on demurrer, so far as it relates to the liability of the administrators, either individually or in their representative character, is not involved in this writ of error, we must necessarily refer to their liability as administrators in determining the liability of their surety, because the latter's obligation is only secondary.

It is a general rule that the estate of a decedent is not liable for the tortious act of an administrator committed in the course of his administration. *Hundley* v. *Pendleton*, 9 *Ga. App.* 268 (70 S. E. 1115). An administrator is called upon to administer the assets of his intestate. If goods or money belonging to another person be

amongst the goods of the deceased, and they come altogether into the hands of the administrator, the goods or money of such other person are not assets in the hands of the administrator. *Cooper* v. *White,* 19 *Ga.* 554. A fortiori, money wrongfully obtained by the administrator after the death of his intestate is not an asset of the decedent. An administrator is not permitted to go into the market and borrow money without authority of law and charge the estate by a contract originating with himself. This is a wise rule. It protects the estate from the waste and mismanagement of the administrator, and does no injustice to him. Hence the administrator in his representative character is not liable to the plaintiff on either the theory of obtaining the money by fraud or upon contract. It is urged, inasmuch as it is alleged that the estate got the benefit of the money, that the administrators and the surety on their bond are liable in an action of money had and received, notwithstanding the money may have been illegally obtained. If an action will arise against an estate on account of the use of the money of another by the administrator to the enrichment of the estate, an action to declare such a trust is not an action to establish a debt, so as to obtain a general judgment de bonis testatoris. An administrator can not legally borrow money, nor can he sell the notes of his intestate at private sale. If he illegally borrows money upon the faith of collateral belonging to his intestate, or if he commits a fraud upon a third person and acquires money which he expends for the benefit of the estate, this does not convert the money thus illegally received into assets of the intestate. The surety's obligation only goes to the proper administration of the assets of the intestate; and he is not liable to a third person because the administrator may have received into his possession and treated as assets property which never belonged to the intestate. It follows that a surety on an administrator's bond is not liable thereon for the obligation of the administrator contracted after his qualification as such, although in the interest and for the benefit of the estate. *Cooper* v. *White,* 19 *Ga.* 554; *Johnson* v. *Hall,* 101 *Ga.* 687 (29 S. E. 37); Probate Court *v.* Williams, 30 R. I. 144 (73 Atl. 382, 19 Ann. Cas. 554); Thompson *v.* Mann, 65 W. Va. 648 (64 S. E. 920, 22 L. R. A. (N. S.) 1094, 131 Am. St. R. 987).

*Judgment affirmed. All the Justices concur.*