13229.   CALLAWAY, executor, *v.* LIVINGSTON.

An action was not maintainable against the executor in his representative capacity for damages on account of injuries alleged to have been received by the plaintiff after the death of the testator, and to have been caused by, negligence of the decedent in allowing the chimney of a building owned by him to fall into disrepair, and by negligence of the executor in allowing it to remain in that condition, so that it fell and struck the plaintiff. The estate of a tort-feasor is not liable for the tort in an action not brought until after his death; and an executor is not suable in his representative capacity for his own negligence or tort not resulting in pecuniary advantage to the estate. The petition as amended did not set out a cause of action, and the court erred in overruling the general demurrer.

The request of the plaintiff that the judgment overruling the demurrer be affirmed with direction that he be allowed to amend the petition, the verdict, and the judgment against the executor, by striking from them the representative character of the defendant, is denied. Under the allegations of the petition it would not, if so amended, set out a cause of action against the defendant as an individual.

DECIDED APRIL 11, 1922.

Action for damages; from Richmond superior court — Judge Henry C. Hammond.   December 31, 1921.

Solomon Livingston brought suit against E. H. Callaway in his representative capacity as executor of the estate of J. B. White, deceased. The substance of the material allegations of the petition as amended is: that J. B. White, deceased, was, from August 1, 1900, until March 31, 1917 — the date of his death — the owner of a certain lot and building on Broad street in Augusta, Georgia; that extending through the roof of said building was a brick chimney about seven feet high, constructed of brick and mortar; that for many years this chimney had been allowed by White, his agents and representatives, to fall into a state of disrepair, the chimney being out of plumb and in a dangerous and dilapidated condition; that on January 30, 1918, bricks and mortar from the top of the chimney, because of its dilapidated condition, toppled

off onto the sloping roof of the building and were precipitated about thirty-five feet upon the head and shoulders of the plaintiff (who was walking upon the sidewalk by the building), striking him with such force as to cause serious and permanent injuries; that it was the duty of the deceased, his agents and representatives, to keep the building in proper repair, so as not to endanger the lives of pedestrians passing along the sidewalk adjacent thereto, but that despite such duty the deceased, his agents and representatives, carelessly and negligently allowed the building to fall into decay and disrepair, to the hurt and damage of petitioner, notwithstanding the deceased, his agents and representatives, knew or by the exercise of ordinary care and diligence could have known of the dangerous and dilapidated condition of the building and the chimney thereon. The petition prayed for damages in the sum of $20,000 against E. H. Callaway in his representative capacity as executor of the estate of J. B. White, deceased.

The defendant interposed general and special demurrers to the petition as finally amended, which the court overruled, and the case proceeded to trial and resulted in a verdict for the plaintiff in the sum of $10,000. The case came to this court upon exceptions to the overruling of the demurrers and to the denial of a motion for a new trial.

*Callaway & Howard,* for plaintiff in error.

*Pierce Brothers, C. H. & R. S. Cohen,* contra.

BROYLES, C. J. (After stating the foregoing facts.) In our opinion the petition failed to set out a cause of action, and the trial judge erred in overruling the general demurrer interposed. The petition affirmatively shows that it is based upon acts of negligence alleged to have occurred prior to the death of White, and upon negligence alleged to have occurred after his death.

Under the settled law of this State no recovery can be had for the acts of negligence on the part of White, his agents or representatives, alleged to have occurred prior to his death, since no suit based upon such acts was pending at the time of his death. This principle is set forth in the case of *Smith* v. *Jones,* 138 *Ga.* 716 (70 S. E. 40), where it was held: " At common law a cause of action for a personal tort abated on the death of the tort-feasor. This rule was modified by statute (Civil Code, § 4421), so that it should not apply in case of the death of the defendant. The

phraseology of that section leaves it plain that the exception was limited to cases where action had been instituted against the tort-feasor before his death. If the tort-feasor died before suit against him, the cause of action did not survive. See *Frazier* v. *Georgia R. Co.*, 101 *Ga.* 77 (28 S. E. 662); *Southern Bell Tel. Co.* v. *Cassin*, 111 *Ga.* 581 (36 S. E. 881, 50 L. R. A. 694); *King* v. *Southern Ry. Co.*, 126 *Ga.* 798 (55 S. E. 965, 8 L. R. A. (N. S.) 544); *Peebles* v. *Charleston & Western Carolina Ry. Co.*, 7 *Ga. App.* 279 (66 S. E. 953)." See also, to the same effect, *Leathers* v. *Raburn*, 17 *Ga. App.* 437 (87 S. E. 754).

Nor can there be any recovery, under the allegations of the petition, for the acts of negligence alleged to have occurred after the death of White. In order to recover for such acts of negligence, suit should have been brought against the executor of White's estate in his individual capacity, and not in his representative capacity. The petition clearly shows that this suit was brought against the estate of White, and not against the executor thereof individually. Neither executors nor administrators can by any tortious act create liability against the estate represented by them, except where pecuniary advantage results therefrom, to the benefit of the estate. Their torts are individual acts, for which the sole remedy of the person injured is to sue them individually. The rule is the same whether injury results from intentional wrong or from mere negligence. 11 Am. & Eng. Enc. of Law (2d ed.), 942. This principle has been recognized and applied in the following Georgia cases: *Parker* v. *Barlow*, 93 *Ga.* 700 (21 S. E. 213); *Anderson* v. *Foster*, 105 *Ga.* 563 (32 S. E. 373); *Carr* v. *Tate*, 107 *Ga.* 237 (33 S. E. 47); *Hundley* v. *Pendleton*, 9 *Ga. App.* 268 (70 S. E. 1115). The facts alleged in the petition in the instant case do not bring it within any exception to the general rule.

It follows, from what has been said, that any cause of action founded upon acts of negligence on the part of White, his agents or representatives, in failing to repair the building and chimney during his lifetime abated with his death, since no suit based upon such acts of negligence was pending at that time; and that any subsequent acts of negligence of his executor in failing to repair the building and chimney could not be the basis of an action against the estate.

The request of counsel for the defendant in error, that the judge-

ment of the lower court be affirmed with direction that the plaintiff be permitted to amend his declaration, verdict, and judgment, by striking therefrom the representative character of E. H. Callaway, and also the name of J. B. White wherever it occurs, is denied. Under the allegations of the petition, such an amendment would be ineffective to set out a cause of action against the executor in his individual capacity. The only mention of the defendant in the petition is found in the statement of the case, where it is alleged that " Solomon Livingston brings this his complaint against E. H. Callaway, in his representative capacity as executor of the estate of J. B. White, deceased,". and in the first paragraph, where it is alleged that " defendant, in his representative capacity as aforesaid, is indebted to your petitioner in the sum of $20,000," and in the prayer of the petition, which is as follows: " Your petitioner prays judgment against E. H. Callaway, in his representative capacity as executor of the estate of J. B. White, deceased. " Therefore, if the suggested amendment to the petition were allowed, the petition would require many other amendments before it would set forth a cause of action against the executor in his individual capacity. See, in this connection, *Smith* v. *Ardis*, 49 *Ga.* 602; *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (2) (45 S. E. 220). Moreover, if the executor is to be held personally liable in this case, he is entitled, as a matter of right and justice, to have the jury try the case between him and the plaintiff, instead of trying it (as they did) as between the estate of the deceased and the plaintiff. See, in this connection, Horn Trunk Co. *v.* Delano, 162 Mo. App. 402 (142 S. W. 770).

The error in overruling the general demurrer to the petition rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*