### 23564. THARPE *v.* WATKINS.

DECIDED MARCH 3, 1934.

*Eli B. Hubbard, Alexander S. Boone Jr.,* for plaintiff.

GUERRY, J. Roberta Tharpe brought suit against Isaac Watkins for the sum of $410.30, alleging: that she was an heir of the estate of Jacob Miller, deceased, and that George C. Carswell was the administrator of said estate and as such administrator had sold the land belonging to said estate to Isaac Watkins for the sum of $6000 under an order of the court of ordinary; that in accordance with an agreement made between the administrator, the defendant, and the other heirs except the plaintiff in this case, the defendant was to bid in the land at the sale for $6000, if there were no other bidders, and that he was then to sell the timber thereon for $3750 to pay such heirs as so desired their distributive shares in money, the

other heirs so desiring to be deeded a part of the land of said estate sufficient in value to pay their distributive shares, the distributive share of each being $410; that Isaac Watkins, the defendant, bid off said land and had a deed made to him by the administrator for the consideration of $6000, $3750 being paid in cash from a sale of the timber by the defendant. It was further alleged that the plaintiff made demand on the defendant and the administrator for her distributive share, but that she has only been paid the sum of $131 thereon. Defendant admitted the purchase of the land and agreements as alleged, but alleged that he had paid to the administrator the money to pay plaintiff, and had made a full accounting with the other heirs, and the administrator had paid and the plaintiff had accepted the sum of $410 as settlement in full of her claim against the estate.

The plaintiff testified that she had received from the attorney for the administrator the sum of $131, and had authorized him to pay to the bank the sum of $232 for an indebtedness owed by her sisters. It is undisputed that the land was sold under a regular order of the court of ordinary, at public outcry, to the defendant, for $6000, and that the defendant paid to the administrator $3750 in cash, and that a deed for the entire land was made to the defendant, and that subsequently the defendant made deeds to those heirs desiring lands for an amount sufficient to equal the value of their distributive shares; that the deeds made to the heirs were sufficient in amount to equal $2250, the balance due on the purchase-price, and were accepted by them as their distributive part of the estate, and that the administrator had fully accounted to the heirs so paid in land, and that the $3750 paid to the administrator fully paid the purchase-price of said land. There was evidence tending to show that the plaintiff had paid the note to the bank for the benefit of the defendant's wife and the defendant, and that the sum of $232 was due the plaintiff from the defendant and his wife. This, however, is not the case declared on. The court properly directed a verdict in favor of the defendant. The defendant was the purchaser of the land at an administrator's sale. He paid the full purchase-price therefor by deeding to some of the heirs a sufficient quantity of the land to pay in full their distributive shares, amounting to $2250; and the remainder,—$3750,—was paid in cash. The evidence fails to show that the defendant had a part in any alleged mis-

application of the funds of said estate by the administrator, and the decision in the case of *Anderson* v. *Foster*, 112 *Ga.* 270 (37 S. E. 426), is not in point. Any right of action for misapplication of funds, under the evidence adduced, is against the administrator, and not the purchaser at the administrator's sale.

Judgment affirmed. *Broyles, C. J., and MacIntyre, J., concur.*