23916. EVANS *v.* DICKEY, executor.

SUTTON, J. 1. On general demurrer the allegations of the petition will be construed most strongly against the pleader, and allegations of matters vitally essential to set up a good cause of action will not be implied from the pleading, but must be distinctly made therein. Where a petition was brought by the wife of a tenant against an executor of an estate in his representative capacity, in which it was alleged that the plaintiff's husband rented certain premises from the executor, and was injured by reason of the defective condition of the premises, that the executor was notified of such condition of the premises and promised to repair the same, and "that the defendant was negligent in failing to keep the premises in repair," no cause of action was set forth against the defendant as executor of the estate. As a general rule, the estate of a decedent is not liable for the tortious acts of an executor committed in the course of the administration of the estate. *Cumberland Island Co.* v. *Bunkley*, 108 *Ga.* 756 (33 S. E. 183); *Anderson* v. *Foster*, 105 *Ga.* 563 (32 S. E. 373); *Parker* v. *Barlow*, 93 *Ga.* 700 (21 S. E. 213); *Bank of Newton County* v. *American Bonding Co.*, 141 *Ga.* 327 (80 S. E. 1003, 50 L. R. A. (N. S.) 1089; 44 A. L. R. 640, 645).

2. As a general rule, the executor or administrator of an estate is not authorized to make repairs or improvements on the real estate belonging to the estate of his decedent and thereby subject the estate or those beneficially interested to liability for such expenditures; unless, of course, the power to manage the real estate for the benefit of the devisees has been given by will, or has been conferred by statute. 24

C. J. § 616, 143. It has been held by this court that "An action was not maintainable against the executor in his representative capacity for damages on account of injuries alleged to have been received by the plaintiff after the death of the testator, and to have been caused by negligence of the decedent in allowing the chimney of a building owned by him to fall into disrepair, and by negligence of the executor in allowing it to remain in that condition, so that it fell and struck the plaintiff. The estate of a tort-feasor is not liable for the tort in an action not brought until after his death; and an executor is not suable in his representative capacity for his own negligence or tort not resulting in pecuniary advantage to the estate." *Callaway* v. *Livingston*, 28 *Ga. App.* 453 (111 S. E. 742).

3. "The estate of a testator is not liable for the tortious acts of the executor committed in the administration of the estate, when no pecuniary advantage resulted to the estate by reason of such tortious acts." *Carr* v. *Tate*, 107 *Ga.* 237 (33 S. E. 47). The case at bar is distinguishable from that of *Miller* v. *Smythe*, 92 *Ga.* 154 (18 S. E. 46), where it was held that "Where a trustee legally and rightfully assumes in his representative capacity the relation of landlord, he is liable, in that capacity, to answer to the tenant for the violation of any duty which the general law attaches as an incident to that relation. Accordingly, where a trustee, duly authorized, rented a store belonging to the trust estate, and in the contract of rental agreed to keep the shelving in the store in thorough order and repair, the trust estate is liable for damages occasioned by his failure so to do." No authority is shown in the executor in this case to rent the premises and to keep the same in repair. This action is against the executor of the estate of a decedent, brought by one injured by reason of the tort of the executor in failing to repair the premises after promising to do so, and not by one standing in any contractual relation with the executor; and it does not appear that any benefit or pecuniary advantage resulted to the estate by reason of the alleged tortious act of the executor, for which the plaintiff brings the present action.

4. It follows that the court did not err in sustaining the general demurrer to the plaintiff's petition and dismissing the action.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided November 12, 1934.

*Nathan Jolles, Paul T. Chance,* for plaintiff.
*Hamilton Phinizy,* for defendant.