24967. GALLOVITCH *v.* WYLLY, executor, *et al.*

MACINTYRE, J. It is a well-recognized rule of law that the estate of a decedent can not be held responsible in an action ex delicto for the misfeasance or nonfeasance of an executor or administrator. *Parker* v. *Barlow*, 93 *Ga.* 700 (21 S. E. 213); *Anderson* v. *Foster*, 105 *Ga.* 563 (32 S. E. 373); *Carr* v. *Tate*, 107 *Ga.* 237 (33 S. E. 47); *Bank of Newton County* v. *American Bonding Co.*, 141 *Ga.* 326 (80 S. E. 1003, 50 L. R. A. (N. S.) 1089); *Hundley* v. *Pendleton*, 9 *Ga. App.* 268 (70 S. E. 1115); *Callaway* v. *Livingston*, 28 *Ga. App.* 453 (111 S. E. 742); *Evans* v. *Dickey*, 50 *Ga. App.* 127 (177 S. E. 87). Therefore a petition brought

by a tenant against named parties as executors of an estate, for failure to repair certain premises after notice of the defective condition thereof, was subject to general demurrer; and the court did not err in dismissing the petition which set out the above facts.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED MARCH 14, 1936.

*Emanuel Kronstadt,* for plaintiff.

*McLaws, McLaws & Brennan,* for defendants.