28098, 28099.   WATSON *v.* WATSON, executor, *et al.;* and
*vice versa.*

DECIDED MARCH 1, 1940.

*Randall Evans Jr., Jack D. Evans, James R. Evans,* for plaintiff.
*J. Q. West, Bussey & Fulcher,* for defendants.

SUTTON, J.   J. T. Watson sued S. B. Watson as executor of the estate of W. A. Watson, deceased, and Fidelity and Casualty Company of New York, as surety on the executor's bond, and alleged, that the executor sold at public outcry certain described land belonging to the estate of W. A. Watson; that at the sale the plaintiff bid $3750, which was the reasonable value of the property; that E. H. McCord raised the plaintiff's bid, and the plaintiff raised McCord's bid until McCord finally bid $5750, and the plaintiff raised this bid to $5800, at which bid the property was knocked off to him; that McCord did not bid in good faith, but was bidding as a puffer for the executor, with a secret understanding between them that McCord would not be required to comply with his bid; and that by reason of this fraudulent conduct on the part of the executor the plaintiff was compelled to pay $2050 more for the land than its true value, and which he would not have had to pay but for the fraudulent conduct of the executor and McCord; that a portion of the land had been sold to the American Legion Post, which had constructed a building thereon at a cost of $1250, and the plaintiff had constructed a building on another portion of the land, and for these reasons the land purchased by the plaintiff could not be restored to the estate. He prayed that the sale be confirmed, and that he have judgment against the defendants for $2050. The Fidelity and Casualty Company of New York filed a demurrer on the ground that the petition set forth no cause of action against it. This demurrer was sustained, and the action was dismissed as to that defendant. The plaintiff excepted. Watson, the executor, demurred on the ground that the petition alleged no cause of action. This demurrer was overruled, and the executor excepted.

█ It will be observed from the above statement that the plaintiff based his action against the defendants on alleged fraud of the executor in procuring a puffer to bid against him at the sale, with the secret understanding and agreement that the puffer was not to be bound by his bid, thus compelling the plaintiff to pay $2050 more for the land than he otherwise would have had to pay. It has been held, both by the Supreme Court and this court, that as a general rule the estate of a decedent is not liable for tortious acts committed by an administrator or executor in the course of the administration of the estate. *Bank of Newton County* v. *American*

*Bonding Co.*, 141 *Ga.* 326 (80 S. E. 1003, 50 L. R. A. (N. S.) 1089) ; *Hundley* v. *Pendleton,* 9 *Ga. App.* 268 (70 S. E. 1115) ; *National Surety Co.* v. *Wages,* 48 *Ga. App.* 720 (173 S. E. 451) ; *Evans* v. *Dickey,* 50 *Ga. App.* 127 (177 S. E. 87) ; *Gallovitch* v. *Wylly,* 52 *Ga. App.* 818 (184 S. E. 786).

■· A surety on the bond of an administrator or executor is liable only for acts of nonfeasance or misfeasance on the part of such representative in respect to his official acts. The statute requires that the bond of an administrator shall be conditioned for the faithful discharge of his duty as administrator as required by law; and the law authorizes the administrator to represent the decedent's estate only in doing lawful acts. Money received by an executor, to which as executor he is not entitled, as alleged in the present case, can not, under the law, become a part of his decedent's estate. *National Surety Co.* v. *Wages,* supra. "The obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former shall cease of course, even though it is in judgment." Code, § 103-102.

■ Applying the above-stated principles of law to the allegations of the plaintiff's petition, the petition did not set out a cause of action against the defendants. Therefore the court did not err in sustaining the general demurrer of the Fidelity and Casualty Company of New York, surety on the executor's bond, but did err in overruling the general demurrer of S. B. Watson as executor of the estate of W. A. Watson.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. Stephens, P. J., concurs.*

FELTON, J., dissenting. I am of the opinion that the petition set forth a cause of action against the executor and his bondsman. While it is true that as a general rule the estate of a decedent is not liable for tortious acts committed by an administrator or executor in the course of the administration of the estate, the very statement that the principle is true as a general rule implies that there are exceptions. One exception is that the estate is liable if the representative commits a tort in the performance of an act authorized by law, which results in benefit to the estate. *Miller* v. *Smythe,* 92 *Ga.* 154 (18 S. E. 46) ; *Dobbs* v. *Noble,* 55 *Ga. App.* 202 (189 S. E. 694) ; *First National Bank & Trust Co.* v. *Hirschfeld,* 178 *Ga.* 581 (173 S. E. 663) ; *Carr* v. *Tate,* 107 *Ga.* 237 (33

S. E. 47). All of the cases cited in the majority opinion, except the last one, show on their faces that they were based on acts which the representative was without authority to perform, or acts which did not benefit the estate. In the present case the executor had authority to sell the land, and its sale enriched the estate.