32138. FIFE *v.* RICHARDS *et al.*, executors.

DECIDED SEPTEMBER 25, 1948.

*Louis M. Tatham, J. Richmond Garland,* for plaintiff.
*Gambrell, Harlan & White,* for defendants.

PARKER, J. Walton E. Fife Jr., by next friend, sued Russell E. Richards and Walter A. Rhodes, in their representative capacities as executors of the estate of George Addison Richards, deceased, to recover damages resulting from an alleged tort upon the plaintiff. The petition charged that the defendants were negligent in maintaining upon the premises of an apartment house of the estate, in their possession and under their management and control, a protective fence from which a broken steel wire was allowed to fall and lie upon the sidewalk immediately adjacent to the lawn; and that the plaintiff, a small child, in riding his

tricycle on the sidewalk became entangled with said wire and was seriously injured. The trial court sustained a general demurrer to the petition on the ground that the estate was not liable for a tort such as was charged in the petition, and the plaintiff excepted.

"As a general rule, the estate of a decedent is not liable for tortious acts of an administrator or executor, committed in the course of the administration of the estate." *Hundley* v. *Pendleton*, 9 *Ga. App.* 268 (70 S. E. 1115) ; *Gallovitch* v. *Wylly*, 52 *Ga. App.* 818 (184 S. E. 786) ; *Watson* v. *Watson*, 61 *Ga. App.* 825 (7 S. E. 2d, 614). This is so because the law authorizes an administrator or executor to represent the estate only in the doing of lawful acts, and when he commits an unlawful act, he himself, and not the estate, is generally held liable. This general rule is subject to exceptions. Where pecuniary gain results to the estate from the tortious acts, it may be liable therefor. *Carr* v. *Tate*, 107 *Ga.* 237 (33 S. E. 47).

Another exception to the general rule has been recognized and applied by this court. Where an executor is empowered and directed by the will to conduct and continue the business of the testator, and in so doing he commits an actionable tort, the estate is liable to the same extent as an individual would be liable. This was held in the case of *Ernest G. Beaudry Inc.* v. *Freeman*, 73 *Ga. App.* 736 (38 S. E. 2d, 40). The argument is made that the *Beaudry* case is inconsistent with controlling decisions of the Supreme Court, and with earlier decisions of this court, and that it is unsound in principle and should be overruled. We do not agree with these contentions. That case is not out of harmony with the general rule stated above, but merely recognizes an exception thereto. That exception is based on what seems to us to be sound legal reasoning and the application of equitable principles. Without stating the facts of that case, which are rather lengthy, it is sufficient to say that the principles there involved apply to and control the instant case.

The will herein involved directed that the executors named therein "shall receive, hold, manage, and invest and reinvest the property of my estate." It provided that the property be divided into three equal shares or parts, and that the net income and corpus of the respective parts should be held and distributed

in satisfaction of three life estates, one to each of two sisters and one to a brother of the testator, and ultimately to their children or grandchildren. The will also authorized the executors to encroach upon the corpus of the estate at any time, for purposes therein stated, and to sell, exchange, and dispose of any or all of the property at public or private sale, for cash or on terms, in such manner as they deemed proper, including the right to lease for any term, and to invest and reinvest all moneys coming into their possession according to their discretion, in such loans, stock, bonds, securities, or real estate as they deemed best for the interest of the estate, irrespective of any statute or rule of law then or thereafter in force. It also provided that in the management of said property, and in the sale, investment, and reinvestment thereof, the executors were not required to report to or secure the approval or consent of any court, or to make any annual or other returns to any court. The will clearly provided a testamentary plan for the holding, management, control, and operation of the properties of the testator by the executors, in such a manner as to amount to the carrying on or continuance of the testator's business. The testator died in 1943 and the plaintiff was injured in June, 1947. In our opinion the facts of this case bring it within the ruling of the *Beaudry* case, supra.

We have not overlooked any cases cited and relied on by the defendants. Most of the cases on which they rely are cited in *Gallovitch* v. *Wylly,* supra, and they differ from the instant case in that the executors or administrators in those cases were not carrying on the business of the decedent. The more recent case of *Watson* v. *Watson,* supra, is distinguished on the same ground; and the ruling in *C. & S. National Bank* v. *Hendricks,* 176 *Ga.* 692 (168 S. E. 313, 87 A. L. R. 230), is clearly not applicable.

The trial court erred in sustaining the general demurrer to the petition of the plaintiff.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*